## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| SANDRA REEDER, | CASE NO.: 10 -03292-SRN-TNL |
| PETITIONER, | |
| V. | **REPORT AND RECOMMENDATION** |
| WARDEN NICOLE C. ENGLISH, | |
| RESPONDENT. | |

Sandra Reeder, Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56903, *pro se* Petitioner; and

Ann M. Anaya, Assistant U.S. Attorney, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

## I.    INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody.  Docket No. 1.  Petitioner Sandra Reeder, federal prisoner # 31984-177, is an inmate confined at the Federal Correctional Institution, Waseca, Minnesota.  *Id.* Petitioner is serving a 168-month sentence imposed by the United States District Court for the Northern District of Texas, Fort Worth Division, on convictions for mail fraud and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1341-42, 1956(h) and (a)(1)(A)(i) and 1957 and 2.

1

Petitioner brings the present Petition arguing that she is actually innocent of her conviction for money laundering in light of the United States Supreme Court's holding in *United States. v. Santos*, 553 U.S. 507, 128 S. Ct. 2020 (2008).

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE**.

## II.   BACKGROUND

On October 8, 2004, a jury convicted Petitioner Sandra Reeder of 13 counts of aiding and abetting in mail fraud in violation of 18 U.S.C. §§ 1341-42, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1957 and 2. *United States. v. Reeder*, Case No.: 4:02-cr-128-Y (N.D. Tex. Feb. 28, 2005) (judgment). On February 28, 2005, the sentencing court sentenced Petitioner to 168 months of imprisonment. *Id.* The Fifth Circuit Court of Appeals affirmed her conviction on November 29, 2006. *United States v. Reeder*, 207 Fed. App'x, 435 (5th Cir. 2006), *cert. denied*, 550 U.S. 952 (May 14, 2007).

On April 24, 2008, Petitioner filed her first motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, which was dismissed by the sentencing court on February 23, 2009. *See generally Reeder v. United States*, Civil Action No. 4:08-cv-00271-Y (N.D. Tex. 2009). Petitioner subsequently filed a motion for a certificate of appealability that was denied by the sentencing court on April 10, 2009. *Id.* On December 10, 2009, the Fifth Circuit affirmed the sentencing court's denial of a

certificate of appealability and refused to reconsider Petitioner's appeal. *United States v. Reeder*, No. 09-10284 (5th Cir. Dec. 10, 2009). The Supreme Court denied a writ of certiorari on June 7, 2010. *Reeder v. United States*, *cert. denied*, 130 S. Ct. 3400 (2010).

Petitioner also filed a Rule 60(b) Motion for Relief from Judgment with the sentencing court on June 8, 2009. *See generally Reeder v. United States*, Civil Action No. 4:08-cv-00271-Y (N.D. Tex. 2009). On June 25, 2009, the sentencing court dismissed that motion. *Id.*

On August 3, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Docket No. 1. In her Petition, Petitioner argues *United States v. Santos*, 553 U.S. 507, 128 S. Ct. 2020 (2008), articulates a new rule of law that makes her actually innocent of the charges of which she was convicted. She contends, however, that § 2255 is inadequate or ineffective to test the legality of her detention because the Supreme Court did not articulate a new rule of constitutional law in *Santos*, but rather only articulated a new interpretation of statutory construction. Therefore, Petitioner argues that her § 2241 petition is meritorious because she cannot satisfy the requirements necessary to file a subsequent § 2255 petition. Respondent opposes the Petition.

## III.   ANALYSIS

### a.  Successive § 2255 Petition

Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody arises under 28 U.S.C. § 2255(e). Section 2255 provides:

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the

> ground that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the court
> was without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255(a).   Section 2255 also contains a "savings clause," under which
Petitioner raises the current Petition.   The "savings clause" provides:

> An application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it appears
> that the applicant has failed to apply for relief, by motion, to
> the court which sentenced him, or that such court has denied
> him relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"[F]ederal inmate[s] generally must challenge a conviction or sentence through a §
2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010).   A petition
under § 2241 is only permitted "if the § 2255 remedy is inadequate or ineffective to test
the legality" of the conviction or sentence. *Id.*   The petitioner has the burden of proving
that the remedy afforded under § 2255 is inadequate or ineffective, *id.*, and failure to
show inadequacy or ineffectiveness divests the court of subject-matter jurisdiction and
results in dismissal. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

Section 2255 is not inadequate or ineffective where the defendant has had "one
unobstructed procedural opportunity to challenge [her] conviction." *Abdullah v. Hedrick*,
392 F.3d 957, 963 (8th Cir. 2004).   "That does not mean [the defendant] took the shot, or

even that [she] or [her] attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." *Id.* (*citing Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).   An "unobstructed procedural opportunity" exists in the context of a § 2255 motion where a defendant could have (1) amended her initial § 2255 petition to include her new claim for actual innocence, or (2) presented a timely second § 2255 motion and received authorization to file it. *Id.*

Petitioner filed her first § 2255 motion on April 24, 2008. *See generally Reeder v. United States*, Civil Action No. 4:08-cv-00271-Y (N.D. Tex. 2009). *Santos*, the case relied upon by petitioner in the present § 2241 petition, was decided by the United States Supreme Court on June 2, 2008. 553 U.S. 507, 128 S. Ct. 2020. After *Santos* was decided, Respondent filed its response to Petitioner's first § 2255 motion on June 27, 2008. Docket No. 10-3 at 45-54. On February 23, 2009, the sentencing court issued its order denying Petitioner's first § 2255 motion. Docket No. 10-4. Between the date *Santos* was decided and the date the initial § 2255 motion was denied, there is no evidence suggesting that Petitioner made any effort to amend her initial § 2255 claim to include her new claim of actual innocence.

The procedural opportunity required to satisfy § 2255 existed in Petitioner's case because Petitioner had ample time to amend her initial § 2255 petition to include a claim of actual innocence following the United States Supreme Court's decision in *Santos*.

5

Petitioner's failure to do so does not render § 2255 inadequate or ineffective such that Petitioner may be entitled to relief under § 2241 via § 2255(e).

Petitioner also claims that § 2255 is inadequate or ineffective because her claim of actual innocence arises out of a new interpretation of statutory construction rather than constitutional law.  The Eighth Circuit Court of Appeals, however, has held that "[a]n actual innocence argument can be raised in a § 2241 habeas petition only if the petitioner never had a prior opportunity to raise the argument."  *Czeck v. United States*, Civil No. 10-12 (ADM/JJG), 2010 WL 1526560, at *5 (D. Minn. Jan. 13, 2010), *citing Abdullah*, 392 F. 3d at 960.  Petitioner had an opportunity to advance her actual innocence claim – even though her claim was based on *statutory* interpretation – by timely amending her initial § 2255 petition during the period between the date *Santos* was decided and the date the sentencing court issued its decision.  Section 2255 is not ineffective or inadequate such that a § 2241 petition will be allowed, and any remedy that might be available to Petitioner must be sought under § 2255.

Therefore, for the reasons set forth above, it is recommended that this action be dismissed without prejudice for lack of subject-matter jurisdiction.

### b. *Santos* Does Not Apply Retroactively to Cases on Collateral Review

Petitioner has failed to establish that § 2255 is inadequate or ineffective to test the legality of her confinement.  Nevertheless, even assuming arguendo that a § 2241 petition is properly before this Court, Petitioner's argument would still fail because the United States Supreme Court has not applied the *Santos* decision retroactively.

The United States Supreme Court has held that in order for a case to be applied retroactively to matters involving collateral review, the United States Supreme Court itself must hold the case to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). While Petitioner has failed to cite a single decision that has retroactively applied the rule of statutory construction articulated in *Santos* to a case on collateral review, there is ample support for the opposite conclusion advanced by Respondent. *See United States v. Mathison*, No. CR 96-40048, 2010 WL 2932957 (D. S.D. July 23, 2010); *Pamperin v. United States*, No. C 07-3077-MWB, 2009 WL 3010539, at *11 (N.D. Iowa, Sept. 16, 2009) ("[n]either the Supreme Court nor any other federal court has held that *Santos* is retroactive to cases on collateral review"); *United States v. Sims*, No. 08-3135, 2009 WL 1158847, at *3 (S.D. Tex. Apr. 29, 2009) ("neither the Supreme Court nor the Fifth Circuit has 'made' the holding in *Santos* retroactive to cases on collateral review.").

Thus, this Court concludes that *Santos* was never made retroactively applicable by the United States Supreme Court to cases on collateral review. Therefore, even if Petitioner's § 2241 petition were properly before this Court, and it is not, *Santos* would not Petitioner with the relief that she seeks.

### c. Certificate of Appealability

Rule 11 Governing Section 2254 Cases in the United States District Court requires the district court to "issue or deny a certificate or appealability when it enters a final order adverse to the applicant." A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(3).  Petitioner has not argued that there was a denial of a constitutional right.  Therefore, this Court recommends that the certificate of appealability be denied.

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE;**

2. The Certificate of Appealability be **DENIED**; and

3. The Clerk of Court be ordered to **ENTERED JUDGEMENT**.


Dated:   November 3, 2011                            _s/ Tony N. Leung_
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     United States District Court
                                                     for the District of Minnesota

                                                     CASE NO. 0:10-CV-03292-SRN-TNL

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly

appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **November 18, 2011**.