UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sandra Reeder,                                              Civil No. 10-3292 (SRN/TNL)

          Petitioner,

v.                                                          MEMORANDUM OPINION
                                                            AND ORDER

Warden Nicole C. English,

          Respondent.

---

Sandra Reeder, Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56903, pro se.

Ann M. Anaya, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated November 3, 2011 [Doc. No. 25]. In the R&R, Magistrate Judge Leung recommended that this Court deny the Petition for a Writ of Habeas Corpus [Doc. No. 1]. Plaintiff filed timely objections to the R&R [Doc. No. 26], and the matter is now ripe for review.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted after a jury trial in the United States District Court for the Northern District of Texas of 13 counts of aiding and abetting mail fraud and one count of conspiracy to commit money laundering. She was sentenced to 168 months' imprisonment. She is now incarcerated at the Federal Correctional Institution in Waseca, Minnesota.

Petitioner challenged her conviction and sentence both on direct appeal and in a motion under 28 U.S.C. § 2255. (R&R at 2-3.) She brings the instant petition under 28 U.S.C. § 2241, contending that a 2008 United States Supreme Court decision renders her actually innocent of the crimes for which she was convicted. (Pet. at 1 (citing United States v. Santos, 553 U.S. 507 (2008)).)

The R&R determined that Petitioner was precluded from bringing her claims because those claims could have been brought in her initial § 2255 proceeding. The R&R also determined that, even if Petitioner were allowed to raise her substantive claims, those claims fail because the Supreme Court has not made its Santos decision retroactive to cases on collateral review. Petitioner objects to both of these determinations.

II.     DISCUSSION

A.      Is § 2255 Inadequate or Ineffective?

Generally, a motion under § 2255 is the only way a federal prisoner can bring a collateral attack on her conviction or sentence. See 28 U.S.C. § 2255(a) ("A prisoner in [federal] custody claiming the right to be released . . . may move the court which imposed

2

the sentence to vacate, set aside or correct the sentence."); Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010). However, this collateral challenge is available only once, subject to certain exceptions. In other words, once a federal prisoner brings a collateral attack on her sentence and/or conviction, she is precluded from bringing another collateral attack on that conviction or sentence unless she first receives permission from the "appropriate court of appeals" to do so, id. § 2255(h), or if § 2255 is "inadequate or ineffective to test the legality of [her] detention." Id. § 2255(e).

Petitioner acknowledges that she has already brought a motion under § 2255 and that she has not sought prior certification from a court of appeals to bring a second § 2255 motion. She argues that the precertification requirement in subsection (h) does not apply to her current claims, because a second or successive § 2255 motion may be court-certified only if it contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ." Id. § 2255(h). She maintains that her legal argument is not a new rule of constitutional law, but rather is a new rule of statutory construction. Thus, she captions her motion as one under § 2241, contending that a motion under § 2255 is "inadequate or ineffective to test the legality of [her] detention." See Lopez-Lopez, 590 F.3d at 907 (noting that a federal inmate may only bring § 2241 petition under § 2255(e)'s "savings clause" by establishing that § 2255 is inadequate or ineffective).

The Court must determine whether § 2255 is inadequate or ineffective under the circumstances here. The R&R concluded that it was not, and thus that Petitioner was

3

precluded from raising her claims under § 2241. Merely because Petitioner is unable to raise her claims in a § 2255 motion because of a procedural bar, the statute of limitations, or the like, does not render § 2255 inadequate or ineffective. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). If Petitioner's claims "could have been maintained in a timely § 2255 motion," she cannot show that § 2255 is inadequate or ineffective. Id. at 1077-78.

As the R&R noted, Petitioner filed her first § 2255 motion on April 24, 2008. The Supreme Court decided Santos on June 2, 2008. The Government's response to Petitioner's § 2255 motion was filed on June 27, 2008, and the sentencing court denied the motion on February 23, 2009. Petitioner thus had more than eight months to seek to amend her motion to raise her claim under Santos. Her failure to do so means that she cannot now claim that § 2255 was inadequate or ineffective.

The Court is not unsympathetic to Petitioner's argument that it is difficult for an incarcerated person to discover information about recent caselaw and to formulate an argument regarding that caselaw. She contends that she did not find out about Santos until March 2009, after the sentencing court issued its denial of her motion. But she did not seek reconsideration of that denial, nor did she ask permission to raise the issue on appeal of her § 2255 motion. See Notice of Appeal, Reeder v. United States, No. 4:08cv271 (N.D. Tex. Mar. 23, 2009) (Docket No. 12). She did attempt to raise Santos in a Rule 60(b) motion for relief from judgment brought in June 2009, but the sentencing court denied the motion without prejudice, because Petitioner's appeal of her § 2255

4

denial was currently pending in the Court of Appeals. There is no record of Petitioner appealing this denial or otherwise attempting to raise Santos with the Fifth Circuit Court of Appeals.

By her own admission, Petitioner could have raised Santos in either a motion for reconsideration of her first § 2255 petition or on appeal of the district court's denial of that petition. She did neither. Thus, the R&R's conclusion that § 2255 is not "inadequate or ineffective" in Petitioner's case is correct, and Petitioner must raise her claims in a § 2255 petition in the sentencing court, not in a § 2241 petition in this Court. The Petition must be dismissed for lack of subject-matter jurisdiction.

**B.   Is Santos Retroactively Applicable?**

Even if Petitioner could establish that § 2255 is inadequate or ineffective in her case, however, her Petition would still fail because the Eighth Circuit Court of Appeals has not held that Santos is retroactively applicable. In the absence of direct authority from the Eighth Circuit Court of Appeals, this Court cannot determine that the rule in Santos should be retroactively applied.[1] See Tyler v. Cain, 533 U.S. 656, 662-62 (2001) (stating that a "new rule" may be retroactively applied only if "made retroactive to cases on collateral review by the Supreme Court").

Since the Petition was filed, several other Court of Appeals have held that Santos

---

[1] Indeed, because this Court was not Petitioner's sentencing court, there are substantial difficulties with applying Santos in this situation, where the information that allegedly supports Petitioner's contentions has not been made available to this Court. This is another reason why § 2241 is not an appropriate vehicle for Petitioner's challenge.

5

may be retroactively applied in certain situations. Wooten v. Cauley, 677 F.3d 303, 308-09 (6th Cir. 2012); King v. Keller, 372 F. App'x 70, 73 (11th Cir. 2012); United States v. Halstead, 634 F.3d 270, 271 (4th Cir. 2011); Garland v. Roy, 615 F.3d 391, 396 (5th Cir. 2010). And at least one Court of Appeals has found Santos applicable to a money-laundering conviction for a Ponzi scheme, which appears to be the type of scheme for which Petitioner was convicted. United States v. Van Alstyne, 584 U.S. 803, 814 (9th Cir. 2009). As noted, however, the Eighth Circuit Court of Appeals has not spoken on these issues, and all lower-court decisions from within this circuit have found that Santos may not be retroactively applied. E.g., United States v. Mathison, No. CR 96-40048, 2010 WL 2932957, at *3 (D.S.D. July 23, 2010); Pamperin v. United States, No. 07-3077, 2009 WL 3010539, at * 11 (N.D. Iowa Sept. 16, 2009). This Court will join its sister courts and hold that Santos is not retroactively applicable to Petitioner's case.

## C. Certificate of Appealability

The difference of opinion on the retroactive applicability of Santos satisfies the high standard required for the issuance of a Certificate of Appealability. Petitioner has established that the retroactivity issue is one that is "debatable among reasonable jurists," that different courts "could resolve the issues differently," and that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner is entitled to a Certificate of Appealability as to the retroactive applicability of Santos.

**III. ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Doc. No. 27] is **ADOPTED**;

2. The Petition is **DISMISSED without prejudice**; and

3. Petitioner is **GRANTED** a Certificate of Appealability as to whether Santos may be retroactively applied to her case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 4, 2012                s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge